UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------×
GREGORY TEACHEY,

                *Plaintiff,*                                   18 CV 10740

                *v.*

                                                      **COMPLAINT**

EQUINOX HOLDINGS, INC.,

                *Defendant.*
------------------------------------------------------------------------×

        Plaintiff Gregory Teachey, by his counsel, The Harman Firm, LLP, alleges for his Complaint against Defendant Equinox Holdings, Inc., and its subsidiaries operating under the Equinox brand ("Equinox") as follows:

### PRELIMINARY STATEMENT

        1.      Equinox, a fitness club that markets itself as a "temple of well-being," hired Mr. Teachey at 50 years old as a Front Desk Associate. Little did Mr. Teachey know when he accepted the position that Equinox had no interest in keeping him because, according to his supervisor, he was "old as fuck" and had only been hired because Equinox desperately needed to fill the position at the time. Equinox terminated Mr. Teachey's employment only a year in (under the pretext of a rule violation) and immediately replaced him with a man in his 20s.

        2.      Mr. Teachey seeks damages and costs against Equinox for discriminating against him based on his age by terminating his employment, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq*., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq*.

### JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

        3.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims arising under the ADEA.

4.      Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's NYCHRL claims, as these claims are so related to the claims within such original jurisdiction that they form part of the same case or controversy.

5.      All conditions precedent to maintaining this action have been fulfilled.  A charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC").  The EEOC issued a Right-to-Sue letter dated October 25, 2018, relating to the discriminatory acts described in this Complaint.  This action was properly instituted within 90 days of the issuance of the Right-to-Sue letter.

## TRIAL BY JURY

6.      Plaintiff respectfully requests a trial before a jury.

## PARTIES

7.      Plaintiff, at all times relevant hereto, was and is a resident of New York County in the State of New York.

8.      Upon information and belief, at all times relevant hereto, Defendant was and is a corporation organized under the laws of the State of New York with headquarters located at 895 Broadway, 3rd Floor, New York, New York 10003.

## STATEMENT OF FACTS

9.      In February 2017, Mr. Teachey began working as a Front Desk Associate at Equinox's 330 East 61st Street, New York, New York 10065 location (the "East 61st Street Location").

10.     Mr. Teachey was hired by Craig Hook, the General Manager at the East 61st Street Location.

11. Equinox is a range of luxury, full-service fitness clubs with 66 locations across the U.S., featuring pools, spas, personal training, gym classes, custom apparel, and concierge services.[1]

12. At the time of his hire, Mr. Teachey was 50 years old.

13. In May 2017, Mr. Teachey began working at Equinox's East 63rd Street Spa located at 817 Lexington Avenue, New York, New York 10065 (the "East 63rd Street Location"), in addition to the East 61st Street Location.

14. In September 2017, Equinox terminated Mr. Hook and replaced him with Adam Gecht, who became Mr. Teachey's direct supervisor.

15. On two separate occasions—on January 9, 2018, and on February 3, 2018—Mr. Teachey's coworkers informed him that Leo Mongiovi, the Assistant General Manager, and Kyle Eckert, a Membership Advisor, made discriminatory comments about Mr. Teachey's age.

16. Both Mr. Mongiovi and Mr. Ekert made comments about Mr. Teachey being "in his 50s" in a disparaging tone, and Mr. Mongiovi explicitly said, "[Mr. Teachey] is old as fuck."

17. Alexis Warren, a Membership Advisor, overheard Mr. Teachey's coworker, Carly Arias, telling him about these comments and added that Mr. Mongiovi had made comments to her about Mr. Teachey's age as well.

18. On February 6, 2018, Mr. Teachey received a text from Mikal Shkreli, another Front Desk Associate, stating that "something was fishy."

19. Mr. Teachey called Mr. Shkreli, who told him that Darnell Serrette, the Assistant General Manager at the East 61st Street Location, had asked Ms. Arias to work Mr. Teachey's shift that day and his shift on Saturday.

---

[1] Equinox's marketing appeals to the youth. For example, its website only features models who appear to be under 30 years of age.

20. Mr. Teachey then called Mr. Mongiovi to ask if something was wrong and if he should come in.

21. Mr. Mongiovi responded that he "knew nothing," but instructed Mr. Teachey to come in anyway.

22. Mr. Teachey did so and arrived at the East 61st Street Location that afternoon.

23. When Mr. Teachey arrived at Mr. Gecht's office, Mr. Gecht, Mr. Serrette, and Mr. Mongiovi were waiting for him.

24. Mr. Serrette recited the Equinox Front Desk Associate job description and told Mr. Teachey that Equinox "did not feel Mr. Teachey was meeting the required expectations."

25. Mr. Serrette referenced a write-up Mr. Teachey had received on February 3, 2018, for forgetting to change back into his Equinox t-shirt after returning from his break.

26. Shocked that he was being fired for forgetting to change into the Equinox t-shirt, Mr. Teachey asked for clarification.

27. Mr. Serrette simply stated that Equinox was terminating Mr. Teachey, telling him, "We have decided to part ways with you."

28. At this point, Mr. Gecht interjected and brought up a January 30, 2018 incident involving an Equinox member and his guest, who apparently had been abusing the guest pass system, blaming Mr. Teachey entirely for checking them in.

29. This incident had already been dealt with in January: Mr. Teachey had not checked in the member or his guest, and, at the time, had suggested that Mr. Eckert ask Mr. Teachey's on-duty front-desk coworkers, Ms. Arias or James Campbell, both of whom were significantly younger than Mr. Teachey (around 24 and 36 years old, respectively).

4

30. Upon information and belief, Mr. Eckert did not discipline or even investigate Ms. Arias or Mr. Campbell.

31. Mr. Gecht then pulled out his phone and showed a video of Mr. Teachey looking up information for the member on an Equinox iPad.

32. Mr. Teachey again confirmed that, while he had looked up information, he had not checked the member in, and suggested that Mr. Gecht review other video to find who had checked in the member and his guest.

33. Mr. Gecht refused, telling Mr. Teachey that it was "not important," and stated that he had already informed Lori Gerber, the General Manager at the East 63rd Street Location, that Mr. Teachey was being terminated, ending Mr. Teachey's employment with Equinox at both the East 63rd Street Location and the East 61st Street Location.

34. After his termination, Mr. Teachey learned from Jonathan Rivera, an Equinox coworker and Assistant General Manager, that Equinox had only hired him because, at the time of his application, it was desperate for front desk associates and, absent these circumstances, Equinox would never have hired him because of his age.

35. When Mr. Teachey asked what he meant \, Mr. Rivera explained that Equinox "needed to replace someone right away" and "would have taken almost anybody," adding, "We've never had someone as old as you at the front desk."

36. Jemima Crockford, another of Mr. Teachey's coworkers at Equinox, told Mr. Teachey that Mr. Mongiovi had told her, "Not only is Greg in his 50s, but he's too old to be working at the front desk," shortly before Mr. Teachey's termination.

37. Ms. Crockford also told Mr. Teachey that Equinox had replaced him as Front Desk Associate with a younger man, who appeared to be in his 20s.

38. Besides those two minor incidents—the t-shirt and the guest check-in—Mr. Teachey was a reliable employee who consistently fulfilled his job responsibilities satisfactorily.

39. Equinox terminated Mr. Teachey because of his age, in violation of the ADEA and the NYCHRL.

### CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Wrongful Termination in Violation of the ADEA

40. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 39 with the same force as though separately alleged herein.

41. The ADEA prohibits an employer from discriminating against employees over 40 years of age on the basis of age.

42. Plaintiff is over 40 years of age.

43. Defendant discriminated against Plaintiff on the basis of his age by terminating his employment.

44. As such, Defendant has violated the ADEA.

45. As a direct and proximate consequence of Defendant's age discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

46. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

### SECOND CAUSE OF ACTION
### Wrongful Termination in Violation of the NYCHRL

47. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 46 with the same force as though separately alleged herein.

48. The NYCHRL prohibits an employer from discriminating against an employee in compensation or in terms, conditions, and privileges of employment on the basis of age.

49. Defendant violated the NYCHRL when it terminated Plaintiff's employment based on his age.

50. As a direct and proximate consequence of Defendant's age discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

51. Defendant's discriminatory treatment of Plaintiff involved a conscious disregard of Plaintiff's rights or conduct so reckless as to amount to such disregard.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, economic loss, emotional distress damages, punitive damages, attorneys' fees and costs, and interest to be determined at the hearing of this action;

B. For the second cause of action, economic loss, emotional distress damages, punitive damages, attorneys' fees and costs, and interest to be determined at the hearing of this action;

C. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 16, 2018

By:    s/Walker G. Harman, Jr.
Walker G. Harman, Jr. [WH-8044]
Edgar M. Rivera [ER-1378]
THE HARMAN FIRM, LLP
381 Park Avenue South, Suite 1220
New York, NY 10016
T: (212) 425-2600
E: wharman@theharmanfirm.com
E: erivera@theharmanfirm.com

*Attorneys for Plaintiff*