

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298

Shawn Matthew Clark
212.497.6840 direct
212.583.9600 main
smclark@littler.com

January 27, 2020

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/28/2020
```

**VIA ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Teachey v. Equinox Holdings, Inc.*
      Case No.: 18-cv-10740 (LTS) (KHP)

Dear Judge Parker:

   As counsel for Defendant Equinox Holdings, Inc. we write, in accordance with Your Honor's Individual Practices and Local Civil Rule 37.2, to request that Your Honor quash the January 7, 2020 subpoena *ad testificandum* served on third-party witness Terrance Oben because Plaintiff failed to provide Defendant with advanced "reasonable written notice" of the deposition.

   Under Rule 30 of the Federal Rules of Civil Procedure, "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). "The purpose of providing reasonable written notice of a subpoena commanding a person to appear and be deposed by oral questions is to give every other party the opportunity to cross-examine the deponent." *Pegoraro v. Marrero*, No. 10 CIV. 00051 (AJN), 2012 WL 1948887, at *6 (S.D.N.Y. May 29, 2012). Thus, the requirement of prior reasonable notice applies with equal force to deposition notices and subpoenas for testimony. *Id.* And, courts routinely reject attempts to notice a deposition or subpoena testimony with less than one week of advanced notice. *See, e.g., Cole v. City of New York*, No. 10 Civ. 5308 (BSJ) (KNF), 2012 WL 1138570, at *4-5 (S.D.N.Y. Apr. 5, 2012) (quashing subpoenas for depositions on three and five business days of notice); *Tri Invs., Inc. v. Aiken Cost Consultants*, No. 2:11CV4, 2011 WL 5330295, at *2 (W.D.N.C. Nov. 7, 2011) ("Six total days and four business days is not a reasonable time to comply with a subpoena and notice of deposition"); *Mem'l Hospice, Inc. v. Norris*, No. 2:08-CV-048-B-A, 2008 WL 4844758, at *1 (N.D. Miss. Nov. 5, 2008) (three-day notice period for a non-party deposition was insufficient); *Tucker v. Tangipahoa Parish Sch. Bd.*, No. 06-3818, 2007 WL 1989913, at *1-2 (E.D. La. July 3, 2007) ("Six days' notice is not reasonable"); *United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 36-37 (D.D.C. 2004) (notice of three business days, "especially to busy litigators who need to prepare to testify about events occurring six to nine years previously," does not constitute "reasonable notice").

   Here, Defendant first learned of the January 28 deposition of third-party witness Terrance Oben when Plaintiff filed an affidavit of service on the afternoon of Friday, January 24. That affidavit of service

Hon. Katharine H. Parker
January 27, 2020
Page 2

(ECF No. 52) averred that Plaintiff served a subpoena dated January 7, 2020 by mail on January 9, 2020. But, Plaintiff's attorney never notified Defendant's counsel. Plaintiff's attorney made no mention of the subpoena or the scheduled deposition during the deposition of Plaintiff's former manager held on January 15, 2020, or in the January 17, 2020 letter his office sent to me concerning his request for documents requested on the record during the January 15 deposition. Plaintiff's attorney also did not reference his intention to depose Mr. Oben to Defendant's counsel or the Court in the January 3, 2020 joint letter submission concerning the status of discovery in this case (*see generally* ECF No. 48). The third-party witness referred to in that letter is Carly Arias, who was served with a subpoena in December after I provided advanced notice to Plaintiff's attorney.

Within minutes of reviewing Plaintiff's affidavit of service (ECF No. 52), I emailed Plaintiff counsel to express our surprise that he had not provided us with any notice of the subpoena and to request that he reschedule the deposition to a date when I am available to attend. I told Plaintiff's attorney that I have a previously scheduled deposition in another matter on January 28 (*Wright v. Compass Group USA, Inc.*, Index No. 516793/2018). Plaintiff's attorney responded with an inquiry ("Please tell me what matter") but did not agree to adjourn the deposition; he also did not reply to my response to his inquiry.

This morning, I called Plaintiff's attorney's office to again request that he reschedule the deposition to a mutually convenience date and time. Mr. Harman's staff represented to me that Mr. Harman was unavailable, despite my statement that the matter was urgent, and that he still planned on going forward with the deposition tomorrow. Minutes later, Mr. Harman's office called back to tell me that they were trying to schedule the deposition for Wednesday, January 29, less than 48 hours from now, and again without providing reasonable notice to Defendant or asking if we are available to attend.

Therefore, Defendant now requests that the Court quash the subpoena served on Mr. Oben, and order Plaintiff's attorney to provide reasonable advanced notice of his chosen deposition date, prior to serving a second subpoena, so that we can ensure that an attorney for Defendant will be present and able to cross-examine. I would be happy to meet and confer with Plaintiff's counsel to find a mutually convenient date and time if he would return my call and emails.

Sincerely,

Littler Mendelson, P.C.

/s/ Shawn Matthew Clark

Shawn Matthew Clark

cc:     All counsel of record (via ECF)

**APPLICATION GRANTED**

01/28/20

*Katharine H. Parker*

Hon. Katharine H. Parker, U.S.M.J.