```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
GREGORY TEACHEY,                                                  :
                                                                  :
                           Plaintiff,                             :
                                                                  :     18-cv-10740 (LJL)
         -v-                                                      :
                                                                  :     ORDER
EQUINOX HOLDINGS, INC.,                                           :
                                                                  :
                           Defendant.                             :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/6/2020

LEWIS J. LIMAN, United States District Judge:

Defendant Equinox Holdings, Inc. ("Equinox") has moved for summary judgment dismissing all claims against it. Dkt. No. 61. In response, Plaintiff Gregory Teachey has submitted the declaration of former co-worker Michael Shkreli ("Shkreli"). Dkt. No. 74-2. Equinox argues in reply that the Court should strike Shkreli's declaration as a sanction under Federal Rule of Civil Procedure Rule 37 because Plaintiff's counsel stated that it no longer represented Shkreli and that Shkreli was completely unavailable when Equinox sought to take his deposition. Dkt. No. 80 at 2-3.

The case Equinox cites is not directly on point. *See New World Solutions, Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 308 (S.D.N.Y. 2015) (striking declaration of party who initiated lawsuit and then made himself unavailable for deposition). However, it appears that while Plaintiff's counsel may (or may not) represent Shkreli now, it at least is in a position to assist Defendant in securing Shkreli's availability for deposition.

The Court will allow the parties to reopen discovery for the limited purpose of Plaintiff assisting Defendant in obtaining the deposition testimony of Shkreli as a cure or, perhaps,

2

mitigation of what Defendant claims to be a Rule 37 violation. Plaintiff is directed to inform the Court no later than November 20, 2020, when it has made Shkreli available for deposition, which should be as soon as possible. The Court will hold in abeyance Defendant's motion for summary judgment and sanctions.

SO ORDERED.

Dated: November 6, 2020
      New York, New York

                                        LEWIS J. LIMAN
                                      United States District Judge