```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
GREGORY TEACHEY,                                                 :
                                                                 :
                           Plaintiff,                            :
                                                                 :     18-cv-10740 (LJL)
         -v-                                                     :
                                                                 :     ORDER
EQUINOX HOLDINGS, INC.,                                          :
                                                                 :
                           Defendant.                            :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/2020

LEWIS J. LIMAN, United States District Judge:

The parties submit competing letter motions about how to treat the affidavit of former Equinox employee, Michael Shkreli ("Shkreli"), submitted by Plaintiff in opposition to Defendant's motion for summary judgment. Dkt. No. 74-2.

Defendant initially moved to strike the affidavit under Fed. R. Civ. P. 37 because Defendant's counsel did not have the opportunity to depose Shkreli during discovery. Dkt. No. 80. Specifically, in July 2019, Plaintiff's counsel told Defendant that it represented Shkreli and therefore Defendant should not contact Shkreli, but when Defendant served a subpoena on Plaintiff's counsel in November 2019, Plaintiff's counsel then said it did not represent Shkreli and could not accept the service of the subpoena.

On November 6, 2020, the Court permitted the parties to reopen discovery for the limited purpose of Plaintiff assisting Defendant in obtaining the deposition testimony of Shkreli as a cure or possible mitigation of the alleged Rule 37 violation. Dkt. No. 83. The Court held in abeyance the motion for summary judgment and sanctions.

Defendant's counsel attempted to serve a subpoena on Shkreli but "he refused service

and refused to let the process server up to his apartment and directed his doorman not to let the process server into the building." Dkt. No. 85 at 3.  On November 19, 2020, Defendant's counsel emailed Plaintiff's counsel and Shkreli in which she summarized a conversation with Shkreli.  That email states:

> I understand that you do not want to participate in this litigation (Gregory Teachey vs. Equinox); you do not have any memory of the events involving Mr. Teachey's employment from February 2017 to January 2018; and you are not able to testify at trial consistent with your July 2019 declaration because you don't remember the events that are referred to in your declaration. If the above is true, I will write to the Court summarizing our conversation and asking for your July 2019 declaration to be disregarded in the Teachey litigation so that you do not need to be deposed or bothered with this litigation again.

Dkt. No. 85-1.  Shkreli responded, "Yes, I am confirming that the below is correct."  *Id.*

Defendant now states that even if it deposed Shkreli, Shkreli does not plan to testify consistently with his affidavit at deposition or at trial and therefore the Court should disregard the affidavit.  In response, Plaintiff requests that the Court order Shkreli's deposition upon pain of contempt, or in the alternative, allow the parties the opportunity to brief whether Shkreli's affidavit is admissible.

Federal Rule of Civil Procedure 56(c)(4) requires that an "affidavit or declaration used to support or oppose a [summary judgment] motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  "Affidavits submitted to defeat summary judgment must be admissible themselves or must contain evidence that will be presented in an admissible form at trial."  *Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir. 2001).  Moreover, "an implicit or explicit showing that the affiant is prepared to testify in a manner consistent with an affidavit is required to oppose summary judgment."  *Id.* at 684; *see also Noval Williams Films LLC v. Branca*, 2018 WL 389092, at *2-3 (S.D.N.Y. Jan. 11, 2018).

  The events since Shrekli submitted his affidavit indicate that he may not be prepared to testify in a manner consistent with that affidavit.  Moreover, Shkreli has not been subpoenaed and has not otherwise been brought before the Court and the Court therefore is not prepared to direct his testimony and also questions whether it would have such power.  On the other hand, the Court will keep discovery open for the limited purpose of permitting Plaintiff to serve a subpoena on Shkreli to appear for an in-person or remote deposition.  Plaintiff shall have until January 31, 2021 to take Shkreli's deposition if Plaintiff wishes to do so.  Plaintiff shall file a letter with this Court on the status of the deposition by February 5, 2021.

  The Clerk of Court is respectfully directed to close Dkt. No. 61.  The Court grants the Defendant leave to reopen its motion for summary judgment by filing a letter by February 12, 2021, in which event the Court will treat the papers that have been filed to date as the briefing on the motion for summary judgment and will decide the motion.

  SO ORDERED.

Dated: December 17, 2020  
   New York, New York            LEWIS J. LIMAN  
                    United States District Judge